IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



HASSAN SHABAZZ,

    Petitioner,

v.      Civil Action No. **3:14CV824**

**ATTORNEY GENERAL OF VIRGINIA,**

    Respondent.

### MEMORANDUM OPINION

Petitioner, Hassan Shabazz, a Virginia prisoner proceeding *pro se*, submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (hereinafter, "§2254 Petition," ECF No. 1). Respondent moves to dismiss the § 2254 Petition, on the grounds that, *inter alia*, the § 2254 Petition is an unauthorized, successive petition. Shabazz has responded (ECF No. 22). For the reasons stated below, the Motion to Dismiss (ECF No. 19) will be GRANTED. The § 2254 Petition will be DENIED, and the action will be DISMISSED for lack of jurisdiction.

**A.     Successive § 2254 Petitions**

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "'gatekeeping' mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

### B. Shabazz's Present § 2254 Petition

By Report and Recommendation entered on March 24, 2015, the Magistrate Judge recommended dismissing the instant § 2254 Petition as an unauthorized, successive petition because Shabazz had previously filed a § 2254 petition concerning his convictions for three counts of robbery and three counts of use of a firearm in the commission of a robbery in the Circuit Court for the County of Nottoway, Virginia. (ECF No. 2, at 1-2 (citing *Shabazz v. True*, No. 3:04CV361 (E.D. Va. Dec. 7, 2004).) However, in his Objections, Shabazz claimed

> Petitioner believes he made a mistake upon the preliminary part of the federal petition for writ of habeas corpus by stating at No. 1 that the Name and location of the court that entered the judgment he was challenging was Nottoway and that the convictions of which he is challenging are those of Robbery and Use of a firearm in the commission of Robbery. This is not correct.

(Objs. 1–2, ECF No. 3.) He further explained "that though it is true that petitioner previously filed a petition concerning his convictions for robbery and use of a firearm, the present petition is not challenging his convictions which occurred in the county of Nottoway, rather he is challenging [the] constitutional violations which have occurred in the VDOC during his incarceration, more specifically at his annual review dated for April 4, 2014." (*Id.* (emphasis omitted).) Shabazz explained that he "is challenging a violation [of] Article I Section 10, and the 14th Amendment of the United States Constitution which occurred April 4, 2014, and proceeds to occur every month when he is awarded good time." (*Id.* at 2.) The Court reviewed the attachment to his § 2254 Petition and, because Shabazz indicated that he challenged his good conduct allowance review on April 4, 2014 on contract and due process grounds, out of an abundance of caution, the Court vacated the Report and Recommendation and continued to process the action. (ECF No. 4.)

In his § 2254 Petition, Shabazz challenges "constitutional violations committed against him at his annual review which took place on April 14, 2014." (§ 2254 Pet. 14.)[1] Shabazz argues that he "was convicted on September 8, 1999 and was committed into the Department of Corrections under Virginia Code 53.1-202.2 (Earned Sentence Credit- ESC)." (*Id.*) Shabazz contends that, since that time, he has been earning earned sentence credit at the wrong rate and that he should be entitled to earn sentence credit under "Virginia Code § 53.1-199 (Good Conduct Allowance- GCA)," which is applicable to certain inmates convicted on or after July 1, 1981. (*Id.* at 15.) Shabazz argues that even though he has earned credit under the ESC system since 1999, "[e]very year at an 'Annual Review' the application of this law is revisited and applied to petitioner for another year." (*Id.* at 14.) As explained below, Shabazz has already raised a similar challenge by federal habeas.

### C. Shabazz's Prior § 2254 Petition

In 2003, Shabazz filed a § 2254 petition wherein he argued that "Respondent has denied him due process and equal protection of the laws by failing to place him in the most favorable system for receiving credit against his sentence while he was incarcerated." *Shabazz v. Braxton*, No. 3:03cv177, at 1 (E.D. Va. Aug. 25, 2003) (ECF No. 9). By Memorandum Opinion and Order entered on August 25, 2003, the Court denied Shabazz's § 2254 Petition. *See id.* at 4.

### D. Shabazz's § 2254 Petition Is an Unauthorized, Successive Petition

"Although [the] AEDPA does not set forth what constitutes a 'second or successive' application, [courts have concluded] that 'a later petition is successive when it . . . raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition . . . .'" *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003) (quoting *In re*

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for citations to Shabazz's § 2254 Petition. The Court omits the emphasis in the quotations from Shabazz's submissions.

3

*Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Accordingly, when "a prisoner knows 'all of the facts necessary to raise his [attack on the execution of his sentence] *before* . . . fil[ing] his initial federal petition,' such a claim is successive and subject to the limits imposed by section 2244(b)," when such an attack is raised in a subsequent federal petition. *Moody v. Maynard*, 105 F. App'x 458, 465 (4th Cir. 2004) (alterations in original) (quoting *Crone*, 324 F.3d at 837). That is the case here. Shabazz clearly had all the facts necessary to bring his current challenge to the execution of his sentence at the time he filed his first § 2254 petition, and indeed, he filed such an attack on his earned sentence credit rate. Because Shabazz has not obtained authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2254 petition, this Court lacks jurisdiction to entertain the present § 2254 Petition.

Accordingly, the Motion to Dismiss (ECF No. 19) will be GRANTED. The § 2254 Petition will be DENIED, and the action will be DISMISSED for lack of jurisdiction.[2] The Court will deny a certificate of appealability.[3]

An appropriate Final Order shall issue.

/s/ 
Roderick C. Young
United States Magistrate Judge

Date: May 3, 2016
Richmond, Virginia

---

[2] Moreover, for the reasons previously identified by the Court, Shabazz's underlying claims also lack merit. *Shabazz v. Braxton*, No. 3:03cv177, at 1-4 (E.D. Va. Aug. 25, 2003) (ECF No. 9).

[3] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Shabazz fails to meet this standard.